# Exhibit 1

CONVICTION ALTERNATIVES PROGRAM (CAP)
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OPERATING AGREEMENT AMONG AGENCIES

## I. PURPOSE OF AGREEMENT

The Northern District of California offers a Conviction Alternatives Program (CAP) for certain individuals at the pre-plea and post-plea phases of their criminal cases.

The District's CAP program offers Pre-Plea Diversion (often referred to as "Pretrial Diversion"), Post-Plea Diversion and Deferred Sentencing. As set forth below, before a defendant pleads guilty, the United States Attorney's Office (USAO) may offer him or her the opportunity to participate in a Pretrial or Post-Plea Diversion Program, which may include participation in the Diversion/Deferred Sentencing Court, described more fully below. Separately, after a defendant has pleaded guilty, the Court may elect to defer sentencing and allow the defendant to participate in the Diversion/Deferred Sentencing Court prior to sentencing.

## II. OBJECTIVES OF PROGRAM AND RESPONSIBILITIES OF PARTIES

**Pretrial Diversion (also known as Pre-Plea Diversion) Program**

The USAO has had a Pretrial Diversion Program for many years. The most recent agreement is attached as Attachment A. The USAO can offer Pretrial Diversion during plea negotiations, or the Pretrial Services Office (PSO) or defense counsel may refer candidates to the USAO for consideration. Pretrial Diversion does not require a guilty plea, however, each participating defendant must agree to a Speedy Trial Act exclusion and may be required by the USAO to agree to a statement of facts supporting the underlying offense. Participants in the Pretrial Diversion Program are supervised by the PSO for an agreed period of time, typically six months to one year. If the participant successfully completes the program (as determined by the USAO), the USAO will take whatever action is set forth in the Pretrial Diversion Agreement, which typically includes dismissal of the charges.

**Post-Plea Diversion Program**

The USAO has also offered Post-Plea Diversion in the past, and will continue to do so when appropriate. The USAO can offer Post-Plea Diversion during plea negotiations, or the PSO or defense counsel may refer candidates to the USAO for consideration. In addition, the possibility of Post-Plea Diversion may be raised by the Court but, in order to avoid violating Rule 11(c) of the Federal Rules of Criminal Procedure, only after the defendant has entered a guilty plea. The USAO and the defendant may thereafter agree to Post-Plea Diversion.

Post-Plea Diversion involves the entry of a guilty plea pursuant to a plea agreement, with sentencing postponed during the diversionary period. Participants in the Post-Plea Diversion Program will be required to participate in the Diversion/Deferred Sentencing Court for an agreed upon period of time,

typically one year to 18 months. The Post-Plea Diversion agreement and/or plea agreement then typically provide that upon successful completion of the Program, the defendant will move to withdraw the guilty plea and the USAO will move to dismiss all or some of the charges or sentence-enhancing allegations, or will recommend a lesser sentence than it would otherwise have recommended. The Post-Plea Diversion Program may be appropriate for more serious offenders than those involved in Pretrial Diversion, in that it provides a guilty plea that will be entered as a conviction if the offender does not successfully complete the program.

**Deferred Sentencing**

In cases not involving a diversion agreement entered into between the USAO and a defendant, after the entry of a guilty plea the Court may defer sentencing for a period of time and refer the defendant to the PSO for evaluation of his or her suitability for the Diversion/Deferred Sentencing Court. The PSO will provide a report and recommendation to the Court, and the parties will also have an opportunity to be heard. Defendants who are thereafter determined suitable by the Court will be referred to the Diversion/Deferred Sentencing Court for a period of time before sentencing, typically for a period of six months to one year. Upon successful completion of the Diversion/Deferred Sentencing Court program, the USAO may consider renegotiating the terms of the plea agreement, moving to dismiss the charges, moving to dismiss charges with mandatory minimums or sentence-enhancing allegation, or agree to recommend a lower sentence.

### III. DIVERSION/DEFERRED SENTENCING COURT

A description of the Diversion/Deferred Sentencing Court is attached as Attachment B.

In the Diversion/Deferred Sentencing Court, a District Judge will participate in monthly meetings with the program participants. (One judge per division may be assigned to all of the participants in that division.) Each offender's defense attorney will participate. This may be the originally assigned defender, or one federal defender re-assigned to all participants in a particular group, or a CJA attorney or pro bono counsel. One or more prosecutors will participate, either the assigned AUSA or a single reassigned AUSA. A dedicated Pretrial Services Officer will be assigned to each group. The Court plans to fund a Coordinator for the District's Re-Entry Court, who may be able to provide some assistance to the Diversion/Deferred Sentencing Court with job-training, jobs, and housing referrals for these participants as well. The Diversion/Deferred Sentencing Court will include frequent contact with the defendant to monitor conduct and to provide direction, advice, and counseling; regular communication with family members, treatment providers, and counselors; verification of residence and employment; random drug testing; and frequent criminal record checks. By providing defendants with a framework of supervision and services that they need, the program will seek to help defendants learn from their mistakes, make better choices, engage in productive behavior, and reduce the risk of recidivism.

The collaborative process of supervision provides a greater level of enforcement and support from the judge who may eventually sentence the defendant and, at the same time, educates the judge and the prosecutor on the personal factors that affect the particular defendant. If a defendant is placed on

probation, the Probation Office will provide a seamless transition to supervision by an officer familiar with the Diversion/Deferred Sentencing Court program and the particular offender.

Pretrial Services and the Re-Entry Court subcommittee of the Criminal Justice Working Group will review the program annually for effectiveness and report to the Chief Judge. In addition, the Pretrial Services Officer will work with a trained researcher to identify similarly situated supervisees to serve as a control group. Using that control group and other generally accepted means, the outside researcher will evaluate the program. The control group and the participants will be tracked for at least a three-year period. The supervising Pretrial Services Officer and the control group supervisees will not know that they are members of the control group.

PHYLLIS J. HAMILTON
Chief United States District Judge
United States District Court for the
Northern District of California

Date: 3/3/15

ROY SAENZ
Chief United States Pretrial Services Officer
Northern District of California

Date: 3/3/15

YADOR HARRELL
Chief United States Probation Officer
Northern District of California

Date: March 4, 2015

MELINDA HAAG
United States Attorney for the
Northern District of California

Date: March 2, 2015

STEVEN KALAR
Federal Public Defender for the
Northern District of California

Date: 3/4/15

**ATTACHMENT A**

# PRETRIAL DIVERSION PROGRAM FOR THE NORTHERN DISTRICT OF CALIFORNIA OPERATING AGREEMENT BETWEEN THE UNITED STATES ATTORNEY'S OFFICE AND THE U.S. PRETRIAL SERVICES OFFICE

## I    PURPOSE OF AGREEMENT

The purpose of this agreement is to confirm the working relationship already in existence in the Northern District of California between the U.S. Pretrial Services Office and the United States Attorney's Office on the operation of the Pretrial Diversion Program and to set forth, in general terms, the respective responsibilities of those agencies.

## II   OBJECTIVES OF PROGRAM

The Pretrial Diversion Program in the Northern District of California will continue to provide an alternative to criminal prosecution for selected offenders by placing them in a program of supervision and services administered by the Probation and Pretrial Services Office. The objectives of the program are to preserve prosecutorial and judicial resources for serious and priority criminal prosecutions and to provide alternative treatment at an early stage in the criminal justice process for certain individuals for whom traditional prosecution is less effective and less beneficial.

## III  RESPONSIBILITIES OF THE PARTIES

It is the responsibility of the United States Attorney's Office to notify candidates for the program of their potential eligibility and to refer them to the Pretrial Services Office for an investigation. The investigating office will conduct an interview of the applicant and submit a written recommendation to the United States Attorney's Office. The United States Attorney's Office, after consultation with the investigating office, is responsible for determining eligibility and for the preparation of an Agreement for Pretrial Diversion, including any special conditions which are appropriate. Candidates for pretrial diversion shall be represented by legal counsel. If an indigent individual is being considered for diversion prior to the filing of formal charges and is without counsel, the United States Attorney's Office shall schedule an appearance before a Magistrate Judge for consideration of eligibility for the appointment of counsel. The Assistant United States Attorney will, thereafter, schedule the matter for the signing of the agreement or refer the matter to the Pretrial Services Office for signing.

At the time of the signing, the officer representing the investigating agency will submit an FBI Form 1-12 "Flash Notice" indicating diversion and requesting notification if an arrest occurs.

During the period of diversion, it is the responsibility of the Pretrial Services Officer to administer a program of supervision and services which are appropriate for an individual divertee. The supervising officer will notify the United States Attorney of a breach of the conditions of the Pretrial Diversion Agreement. The Unites States Attorney's Office will decide whether to terminate diversion and initiate, or continue prosecution.

Upon completion of diversion, the supervising officer will notify the United States Attorney's Office and provide a recommendation as to whether the divertee should be certified as having successfully completed the program.

The United States Attorney's Office will, thereafter, notify the divertee and the United States Marshal.

It is the responsibility of both the United States Attorney's Office and the U.S. Pretrial Services Office to meet on a regular basis and to continue to develop procedures and guidelines which make the program efficient and effective.

5/17/13
DATE

_____
MELINDA HAAG
United States Attorney for
Northern District of California

5/7/13
DATE

_____
ROY SAENZ
Chief U.S. Pretrial Services Officer
Northern District of California

**ATTACHMENT B**

## ATTACHMENT B
## DIVERSION/DEFERRED SENTENCING COURT
## CONVICTION ALTERNATIVES PROGRAM (CAP)
## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### I. PURPOSE OF PROGRAM

The Northern District of California offers a Diversion/Deferred Sentencing Court as part of its Conviction Alternatives Program (CAP) for certain individuals who have been charged with one or more federal crimes and who voluntarily agree to pre-plea or post-guilty plea diversion or to deferred sentencing, and to participate in the program. The CAP program is focused on individuals whose criminal conduct appears motivated by substance abuse issues or other underlying causes that may be amenable to treatment through available programs. Based on the results of similar pre- and post-conviction supervision programs in the federal and state judicial systems, the program has the potential to improve participants' compliance with conditions of supervision and decrease recidivism.

In Post-Plea Diversion, the defendant pleads guilty to one or more of the charges, pursuant to a plea agreement for Post-Plea Diversion. Successful participation in the diversion program results in dismissal of all or some of the charges (such as a charge carrying a mandatory minimum penalty), with the USAO moving to dismiss those charges with prejudice. Because of this feature, only the United States Attorney's Office (USAO) can offer Post-Plea Diversion. The Pretrial Services Office (PSO) and defense counsel may refer candidates to the USAO for consideration for the program, but the Court may refer a defendant for Post-Plea Diversion only after the defendant has pleaded guilty. In cases not involving a diversion agreement entered into between the USAO and a defendant, after the entry of a guilty plea, the Court may defer sentencing for a period of time. These defendants will be referred to a Diversion/Deferred Sentencing Court. A presiding Diversion/Deferred Sentencing Court judge works with Pretrial Services to supervise participants by conducting regular court sessions attended by all participants in the program.

The conduct and activities supervised by the Diversion/Deferred Sentencing Court are those typically handled by Pretrial Services without judicial support. The program adds the following: (1) regular oversight of a defendant by a judge; (2) early judicial intervention so that problems are addressed before they develop into violations; and (3) a swift judicial response to each failure by a participant. The program also offers a blend of treatment, education and job skills training, and sanction alternatives to effectively address participant behavior, rehabilitation, and the safety of our communities.

The Post-Plea Diversion program lasts at least one year. Although the Diversion/Deferred Sentencing Court team will make every effort to work with participants who struggle in the program, including imposing intermediate sanctions (both formal and informal remedies) short of termination, a participant's failure to abide by the program's requirements may result in termination from the program and sentencing on the guilty plea without any of the benefits of participation in the program.

This program is modeled on the CASA program in the Central District of California.

## II. OBJECTIVES OF PROGRAM

Certain defendants have risk factors that increase the likelihood of recidivism while on supervision. The risk factors include youth, early onset of substance abuse or delinquency, prior felony convictions, and previous unsuccessful attempts at treatment or rehabilitation. These defendants face significant challenges in employment, struggle with substance abuse, and need support networks. The risk factors can be addressed through effective intervention that seeks to remedy the underlying conditions. The target participants for Diversion/Deferred Sentencing Court are defendants with these factors who would benefit from effective intervention to address their risk factors and challenges. The program may include substance abuse and mental health treatment, education and literacy training, and employment and jobs skills training.

The Diversion/Deferred Sentencing Court expects success from participants but does not automatically expel a participant for failure. As with any supervision case, sanctions for violations keep the participant in the community whenever possible. Many defendants with risk factors (including substance abuse) have failed in programs and have low expectations of themselves. The program is designed to provide resources for success, even if that requires repeated attempts. Accordingly, the program addresses participant behavior with incentives and sanctions. Sanctions are imposed with the goal of keeping the participants engaged in the treatment process until they achieve success. Once successful behavior has been achieved for at least 12 months, empirical data suggests that the change is well-integrated and will be supported. This changed behavior best serves the interests and safety of the community.

The program utilizes a philosophy adopted by drug courts: regular contact with the judge is instrumental in bringing about change. Ordinarily, a judge's role is managing the case through conviction and imposing sentence. But in the Diversion/Deferred Sentencing Court, the judge directly supervises the participant's successful integration into the community and uses the court's authority to impose graduated sanctions, give positive reinforcement, and marshal resources to support the participant's rehabilitation. The judge's engagement in the process is a significant factor in a positive outcome that includes better lives and decreased recidivism for participants (and thus enhanced community safety). *See Model Program Guide Version 2.4*, United States Department of Justice, Office of Juvenile Justice & Delinquency (2004).

The program draws on evidence-based practices associated with successful rehabilitation and treatment. *See Key Components to a Successful Drug Court Program,* National Association of Drug Court Professionals. Among the practices are the following:

1. Participants will be selected based on the presence of certain underlying conditions or causes for their alleged criminal behavior.

2. Whenever possible, participants will be identified early and placed promptly in the program.

3. Case plans will be developed to address participants' individual risk and recidivism factors.

4. Participants' time will be highly structured to achieve accountability. Full-time work or education, including seeking a GED, will be required (absent disability or child/elder care responsibilities).

5. Substance abuse and mental health services (including cognitive-behavioral treatment methods) will be integrated where appropriate.

6. Education and job skills programs will be provided.

7. The entire team (judge, pretrial services officer, prosecutor, and defense counsel) will provide positive reinforcement and ensure accountability in a non-adversarial manner that protects participants' rights.

8. The program enlists support from external communities: employers, teachers, family, mentors, public agencies, service providers, and community-based organizations.

9. Regular feedback is provided to participants both in court and by Pretrial Services.

10. Data regarding interventions and progress will be measured against a control group.

## III. RESPONSIBILITIES OF PARTIES

The Diversion/Deferred Sentencing Court team consists of a judge, a Pretrial Services Officer, an Assistant United States Attorney, and a court-appointed defense counsel (either from the Federal Defender's office or CJA or pro bono counsel). The team also will solicit input from designated service providers (such as treatment providers or halfway house managers) who will function as team members if possible.

The team members will collaborate on all significant issues, including selecting the appropriate incentives or sanctions for participants and determining whether a participant has succeeded in or should be terminated from the program. The focus of all team members will be to encourage success in the program, discourage bad decisions, and determine graduated sanctions for participants struggling with the program's requirements.[1] If, however, the team cannot reach a consensus, the judge will make the final decision.

Additional responsibilities of individual team members are described in the next sections.

**The Judge**

The judge holds regular court sessions with participants, which is the significant force supporting lasting rehabilitation and reduced recidivism. As a result, continuity in the judicial role is important,

---

[1] The contemplated collaboration is non-adversarial, but as described in sections regarding the team members' roles, the program protects participants' due process rights.

and the parties thus agree that a single judge will preside over the group in each court division.

The judge is the ultimate authority. While the judge will work collaboratively with other team members in assessing matters such as the appropriate incentives or sanctions for participants and determining whether a participant has succeeded in or should be terminated from the program, the judge is the ultimate decision maker on these matters.

### The Pretrial Services Officer (PSO)

In addition to the PSO's normal responsibilities supervising a participant (including day-to-day supervision, immediate interventions when necessary, and developing a case plan to address treatment, employment, education, finances, housing, supervisee objectives, and compliance with the terms of release and supervision), the PSO will prepare a progress report for each participant and distribute it to team members before each Diversion/Deferred Sentencing Court session. The PSO also will memorialize what happened in the court session and the participant's goals for the next session.

In addition, the PSO will facilitate effective communication between treatment and services providers and the team. The PSO will encourage members of a participant's support network to attend court sessions, including employers, teachers, and mentors, family members, significant others, treatment specialists, and other service providers.

### The Assistant United States Attorney (AUSA) and the Defense Attorney

The assigned AUSA and defense attorney will participate as team members at the court sessions. They will be involved in decisions about program planning both when a participant is succeeding and when a participant is struggling. Counsel's role is expected to be less adversarial than in non-CAP cases.

In addition to participating as a team member, the defense attorney will ensure that an individual participant's rights are protected, provide any necessary legal advice at any time, and represent a participant during court sessions. If a participant is unable to complete the program successfully, the defense lawyer, an Assistant Federal Public Defender, a panel attorney, or another defense attorney (as appropriate) will represent the participant in other proceedings.

### Treatment Provider Liaisons

In addition to participating as team members, where possible, the treatment provider liaisons may provide input on appropriate evidence-based treatment modalities, screening, assessment, diagnosis, individual treatment plans, and referrals for additional treatment services as needed.

### Participants

Candidates for the Diversion/Deferred Sentencing Court will be individuals in the Northern District of California on pretrial supervision who (1) have engaged in criminal conduct that appears motivated by substance abuse issues or other underlying causes that may be amenable to treatment through programs available through the Diversion/Deferred Sentencing Court, and (2) have been approved for participation in the Diversion/Deferred Sentencing Court by the judge assigned to the program, the

PSO, the USAO, defense counsel, and the judge before whom the criminal charges against the participant are pending. Candidates may also include defendants whom a judge has found appropriate for deferred sentencing after a guilty plea. Neither the Diversion/Deferred Sentencing Court judge nor the judge before whom criminal charges are pending may suggest or state that a person should enter the program before the defendant has pleaded guilty.

## IV. PROCEDURES OF THE PROGRAM

The initial identification of potential participants will be done by Pretrial Services, the USAO, defense counsel, or the judge (although the judge may identify and select a defendant only after the defendant has pleaded guilty). The USAO may designate a particular prosecutor to screen Post-Plea Diversion referrals. If both the USAO and defense counsel agree that a candidate is an appropriate Post-Plea Diversion participant, the prospective participant will be referred to the team for possible selection as a participant and to the PSO for evaluation as to whether the defendant meets the objective criteria established for the CAP Post-Plea Diversion program.

Different courts or supervision programs may be established to address different problems faced by supervisees and thus may involve different criteria for participants. For example, a court may focus on individuals with documented struggles with substance abuse. Or, a court could be set up to focus on participants with mental health issues, veterans, or youthful offenders. Depending on the focus of the particular court or program, the specific criteria for participation may vary. The parties to this agreement will jointly establish objective criteria for each court or program, and supervisees meeting those criteria will be selected as participants.

The PSO will screen all potential candidates for eligibility using the objective criteria established. To identify potential participants, the PSO will use risk predictor indexes developed or approved by the Federal Judicial Center or the Administrative Offices of the United States Courts. Risk factors include the history of alcohol and substance abuse, level of education, employment history, number of prior arrests, and influence of antisocial peers or affiliations, among other factors. Candidates generally will be unemployed, underemployed, or able to benefit from the program in some specific way. The participant will agree to a speedy trial exclusion for the time necessary to complete all steps to be accepted into the program.

After agreement by the USAO and a prospective participant's defense attorney that a defendant qualifies and is appropriate for inclusion in the program, or after a post-guilty plea deferred sentencing referral, the PSO will coordinate with the defendant's attorney to ensure that the defendant is advised about the program's requirements and agrees to participate in the program. After a defendant pleads guilty, and upon approval by the trial judge and the Diversion/Deferred Sentencing Court team, a candidate who is deemed eligible and who agrees to participate in the program will be accepted in the program. After a participant has been accepted into the program, the judge will appoint a defense attorney to represent the participant for purposes of the program. By signing the agreement to participate – which is cosigned by the entire team – participants consent to participate in the program, seek employment or education, meet their personal and financial obligations, and abide by the sanctions available to the judge. They also agree to allow the PSO to check their criminal histories for up to three years after they graduate from the program to facilitate an evaluation of the program's effectiveness.

### Plea Agreement

Participation in the Diversion/Deferred Sentencing Court is contingent on the prospective participant's entering into a guilty plea pursuant to a plea agreement to a criminal charge pending against the prospective participant. If referral to the Diversion/Deferred Sentencing Court is requested by the parties, the plea agreement will incorporate the terms of the Diversion/Deferred Sentencing Court agreement and language setting out the benefits for successful completion. The plea agreement may provide that upon successful completion of the program the participant will be permitted to withdraw the participant's previously-entered guilty plea to all or some of the criminal charges, with the charges previously pending in the underlying case at the time of the guilty plea being dismissed with prejudice. If the plea agreement does not contemplate dismissal of all of the charges, but only some of them, and binds the judge presiding over the case to a specific sentence upon a participant's successful completion of the program, the plea agreement will be entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).   If, before entering into a guilty plea as set forth above, a prospective participant fails to complete any of the steps necessary to become a participant in Diversion/Deferred Sentencing Court or for any reason voluntarily elects not to pursue participation in the program, the case will continue as it would have absent the consideration of the Diversion/Deferred Sentencing Court program.   If participation in the Diversion/Deferred Sentencing Court is based on a post-plea court referral coupled with deferred sentencing, the parties may renegotiate the plea agreement at the successful completion of the Diversion/Deferred Sentencing Court program.

### Guilty Plea

Once the necessary documents have been signed, the prospective participant will appear for entry of a guilty plea pursuant to the plea agreement with the judge before whom the charges are pending. If the judge accepts and agrees to be bound by the agreement, the participant will join the Diversion/Deferred Sentencing Court program. The matter will not be referred for preparation of a pre-sentence report unless the participant is terminated from the program as set forth below.

If the judge before whom the charges are pending rejects and declines to be bound by the plea agreement, the participant will be released from any obligations under the plea agreement, and the case will continue as it would have absent the consideration of participation in the Diversion/Deferred Sentencing Court program.

### Length of Participation

Participation lasts for a total of 12 months of satisfactory performance. Diversion/Deferred Sentencing Court courts focusing on substance abuse generally require 12 consecutive months of sobriety. Otherwise, the 12 months need not be consecutive. The way the 12 months is calculated is as follows. The judge will give a participant credit toward the twelve months for every two-week period of satisfactory performance. A participant will not get credit for any two-week period of non-satisfactory performance, although sometimes it will be possible to earn back that credit. To complete the program successfully, a participant needs a total of 12 months of satisfactory performance (and 12 consecutive months of sobriety if that is a requirement of the program).

**Pre-Session Team Meetings**

Before each Diversion/Deferred Sentencing Court session, the team members will meet and review together the progress reports of the participants.

**Court Sessions**

At the first court session, the judge will welcome the participants, explain how the program works, and review the agreement to participate. The assigned defense lawyer will review the program and agreement to participate in it with each prospective participant. Court sessions will be held regularly and no less frequently than monthly. The courtroom will be open to the public, and the proceedings may be recorded but generally will not be transcribed. All participants will be present for the entire session so that everyone sees the judge encouraging positive behavior, affirming the value of individual efforts, and sanctioning any non-compliance with the program's goals. Family members, mentors, employers, teachers, service providers, and other persons in a participant's support network will be encouraged to attend. Participants who are fulfilling their obligations may have their court sessions reduced to once a month. Other awards and incentives may be used. Participants will address the court individually. One approach is to have participants who are doing well go first to set a positive example.

Participants' statements will not be used against them in the underlying criminal proceeding or in a separate federal criminal proceeding (though the statements may be grounds for sanctions within the Diversion/Deferred Sentencing Court). The Pretrial Services Office or any law enforcement authority may conduct an independent investigation based on a participant's admissions, and evidence developed as a result of that investigation may be used in any proceeding, including the underlying criminal proceeding or a separate federal criminal proceeding.

At the judge's discretion, a court security officer may be present, and a deputy United States marshal will be on call. The Pretrial Services Office will prepare a compliance status report.

**Adversarial Hearings**

Circumstances may arise in which a participant is alleged to have violated Diversion/Deferred Sentencing Court rules or conditions, but the participant denies having committed the alleged violation. A request for an adversarial hearing regarding whether the participant in fact committed the alleged violation will not automatically result in termination from the program.

**Sanctions**

To effectuate the parties' intent that Diversion/Deferred Sentencing Court be less adversarial and provide as much support as possible to participants, possible violations of Diversion/Deferred Sentencing Court rules and conditions may be handled informally to the extent appropriate. In particular,

1. All conduct that might be considered a violation of the terms of pretrial supervision or the Diversion/Deferred Sentencing Court program will be presented to the Diversion/Deferred Sentencing Court team, on an expedited basis if circumstances warrant;

2. Unless the conduct is such that termination from Diversion/Deferred Sentencing Court is warranted, any sanction set forth below will be handled (1) through a directive issued by the Diversion/Deferred Sentencing Court judge at a regular Diversion/Deferred Sentencing Court session in a non-adversarial setting, or (2) on an expedited basis before the participant's next scheduled Diversion/Deferred Sentencing Court session by means of a modification directed by the Diversion/Deferred Sentencing Court judge after consultation with the participant, PSO, AUSA, and defense counsel.

3. Noncompliant behavior by a participant will result in sanctions. Factors that will influence the type of sanction appropriate for a given violation include the seriousness of the violation, the number of violations, and the amount of time the participant has remained compliant, either before a first violation, or between violations. Another important factor is whether the participant voluntarily discloses the violation. Dishonesty on the part of the participant may result in enhanced sanctions. Depending on these factors, any of the following sanctions, including termination, will be available. As a general rule, when there are repeat violations, more serious sanctions will be applied incrementally. The PSO will prepare a petition for action. Sanctions may include, but are not limited to the following:

    a.  Judicial reprimand delivered during the Diversion/Deferred Sentencing Court session in front of other participants;

    b.  An order for the participant to submit a written assignment (for example, a written explanation for non-compliant behavior and a plan to avoid similar issues in the future);

    c.  Curfew restrictions for up to 30 days;

    d.  Increased frequency of progress sessions before the Diversion/Deferred Sentencing Court judge;

    e.  An order for the participant to participate in community service;

    f.  An order for the participant to complete a term of home confinement (with conditions that may include alcohol monitoring and standard location monitoring with GPS);

    g.  An order for the participant to complete a term of up to 30 days at a residential reentry center;

    h.  An order for the participant to complete a term at a residential drug treatment

        facility;

    i.     An order for the participant to spend up to 7 days in jail ("Flash incarceration");

    j.     Termination from the Diversion/Deferred Sentencing Court program.

Any sanctions imposed generally must be completed by the participant before the next Diversion/Deferred Sentencing Court session, unless the judge allows more time. The PSO will monitor the participant's compliance with any imposed sanctions. At the next Diversion/Deferred Sentencing Court session, the PSO, the participant, and defense counsel will report on the participant's compliance with the sanctions. If appropriate, any or all of the available sanctions may be ordered more than once during the course of a participant's progress through Diversion/Deferred Sentencing Court. A participant faced with any sanction will have the option of requesting termination from Diversion/Deferred Sentencing Court and proceeding to sentencing by the judge on the charges in the plea agreement.

**Graduation**

Diversion/Deferred Sentencing Court graduation will take place at or soon after the participant's final, regularly scheduled Diversion/Deferred Sentencing Court appearance. Other participants, family members, sponsors, and friends will be invited to attend the graduation. The Diversion/Deferred Sentencing Court judge will present graduating participants with a graduation certificate, which will close the CAP section of the participant's Pretrial Services file. For a participant receiving the benefit of dismissal pursuant to the participant's plea agreement, on the participant's request to withdraw the guilty plea, the judge before whom the charges were pending will issue an order vacating the guilty plea and, on motion of the USAO, dismissing with prejudice the criminal charges. For a participant receiving the benefit of a dismissal of some but not all of the charges pursuant to the participant's plea agreement, the Diversion/Deferred Sentencing Court judge will refer the case for preparation of a PSR and schedule a date for the imposition of sentence.

**Termination**

The Diversion/Deferred Sentencing Court team will make every effort to work with participants who struggle in the program. All parties understand, however, that there will be some circumstances in which it is appropriate to terminate a participant as unsuccessful without benefits that attend the successful completion of the program. Unsuccessful termination may be either voluntary or involuntary. In either instance, it will result in the participant's proceeding to sentencing by the judge on the charges to which he or she has pleaded guilty. Circumstances giving rise to involuntary termination may include:

1. New violations of law, as found by the Diversion/Deferred Sentencing Court judge;

2. Repeated drug use;

3. A pattern of refusal to cooperate with the PSO;

4. A pattern of refusal to cooperate with a treatment or other program provider;

5. Repeated refusals to cooperate with Diversion/Deferred Sentencing Court sanctions or to participate in the program in a meaningful manner.

To complete the participant's termination, the Diversion/Deferred Sentencing Court judge will issue an order terminating participation, which will result in the participant's being referred back to the judge presiding over the participant's case for a referral of the case for preparation of a PSR and for setting of a date for imposition of sentence.